### ANDERSON v. STEINREICH.

(City Court of New York, General Term. July 11, 1900.)

LANDLORD AND TENANT—INJURIES— DANGEROUS PREMISES—VOLUNTARY ASSUMPTION OF RISK.

 Plaintiff was employed as janitress of a building, and occupied rooms in it, for which she paid rent. Before occupying the rooms, she complained to the landlord that the ceiling was dangerous. The landlord assured her that it was not, but promised to repair it. Afterwards she complained that the rent was too high, and it was reduced. The ceiling was not repaired, and nothing more was said about it. She ceased to be janitress of the building, but continued to occupy the rooms for several months, and during such time was injured by the ceiling falling. *Held*, that she could not recover for the injury, since she had assumed the risk.

Appeal from trial term.

Action by Helma Anderson against Samuel Steinreich for injuries from defective premises. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Frank J. McBarron (Woolsey Carmalt and George W. Bristol, of counsel), for appellant.

M. S. & I. S. Isaacs (Julius J. Frank, of counsel), for respondent.

CONLAN, J. Two elements may be said to exist in this case, namely, the relation of landlord and tenant, and that of master and servant, to each of which a different rule applies. It is alleged that the plaintiff was hired as janitress of a certain flat or apartment house, and was allowed a certain portion of the premises as

her living apartments, and at a reduced rent, in consideration of services to be rendered. In other words, her services were to be taken in consideration in fixing the amount of rent for which she was to be liable as a cash payment. This cash payment was originally fixed at nine dollars per month, and there was a monthly hiring at that rate. The tenant, as it is alleged, pointed out certain defects in the ceiling of a portion of the premises allotted to her, claiming the same to be a source of danger, and the defendant is alleged to have pronounced it safe, and, in addition, said the same would be repaired. Upon this state of affairs the plaintiff went into possession, and it may with reason be asserted that the relation of master and servant was thus established, and under the rule that the master must furnish his servant with suitable appliances for the work required to be done would, in consequence, be liable in damages for a failure to perform on his part. But it appears that the plaintiff subsequently complained to the landlord that the cash rental was too high, and thereupon a new agreement was entered into between the parties, and the cash payment per month was fixed at seven dollars. It does not appear that the promised repairs had been made at this time, nor does it appear that anything was said by the plaintiff about the dangerous condition of the premises at the time of this new agreement, so that we have a person voluntarily consenting to place herself in a position of apparent danger without any protest, and it must be said of her act that she assumed all of the risk, and herself contributed to the negligence which resulted in the injuries complained of. She cannot shield herself behind the barrier which the relation of master and servant would afford her for her protection. No assurance was given her of safety under the new arrangement, and apparently she was willing to assume all of the risk by reason of the reduction in rent. She was fully acquainted with the situation, and, if danger was to be apprehended, she had full knowledge of it. But it further appears that a week before the accident she had been superseded in her position as janitress, and thereafter remained as tenant only, and was such at the time the accident occurred. By this new arrangement it cannot be said that the relation of master and servant continued, and that the plaintiff was, therefore, at the time of the accident, a tenant in possession, with full knowledge of the exact situation, and of all that was likely to occur, and this occupancy was by her own voluntary act. The attention of the landlord does not appear to have been called to the question of repairs under any arrangement than that first made, and there was no promise by him at any other time to repair, nor any declaration of safety by him to the tenant. Plaintiff remained in possession from September 15th until the 15th of February following,—a period of six months,—and during all this time she voluntarily exposed herself to the danger of which she had complained at the outset. She certainly could have relieved herself by moving out, and is not to be absolved by remaining in. We are, for these reasons, satisfied with the determination had upon the trial, and the judgment and order appealed from must be affirmed, with costs. All concur.